# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>   PLAINTIFF, | CIVIL ACTION<br>NO. 2:22-CV-3443 |
| v. | JURY DEMAND |
| EAGLE MARINE SERVICES ELECTRICAL AND<br>REFRIGERATION, LLC,<br>   DEFENDANT. | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, *as amended* ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Scott Lajaunie ("Mr. Lajaunie"). The defendant, Eagle Marine Services Electrical & Refrigeration, LLC ("Eagle Marine"), refused to hire Mr. Lajaunie because of disability, as set forth more specifically below.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C.§ § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of the United States District Court for the Eastern District of Louisiana pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, defendant Eagle Marine is and has been a corporation doing business in Louisiana.

5. At all relevant times, Eagle Marine has been an employer engaged in an industry affecting commerce with at least fifteen employees under 42 U.S.C. § 12111(2), (5) and (7).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days before the institution of this action, Mr. Lajaunie filed a charge of discrimination ("charge") with the Commission alleging violations of the ADA by Eagle Marine.

7. On or about March 11, 2022, the Commission issued to Eagle Marine a letter of determination ("determination") finding reasonable cause to believe that it

violated the ADA and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission thereafter engaged in communications with Eagle Marine to provide the opportunity to remedy the discriminatory practices described in the determination.

9. On or about May 2, 2022, the Commission issued to Eagle Marine a notice of conciliation failure, advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least March 2019, Eagle Marine has engaged in unlawful employment practices on the basis of disability in violation of 42 U.S.C. §§ 12112(a) and (b) by rescinding Mr. Lajaunie's job offer and refusing to hire him because of disability within the meaning of the ADA.

    A. Eagle Marine provides marine support services.

    B. On or about March 18, 2019, Mr. Lajaunie applied for an open position of Marine Electrician with Eagle Marine.

    C. Mr. Lajaunie had the necessary skills, experience and preliminary qualifications for the position.

    D.    On or about March 22, 2019, James Warden, a manager with Eagle Marine, made Mr. Lajaunie a conditional offer of employment as Marine Electrician and directed him to go to Urgent Care of Morgan City ("Urgent Care") for a medical examination.

    E.    Before Mr. Lajaunie's application, Eagle Marine had contracted with Urgent Care to provide medical services, including drug screening, in connection with its employees and applicants.

    F.    Mr. Lajaunie underwent the examination at Urgent Care, and informed the attending medical personnel that he took Adderall to control his condition of Attention Deficit Hyperactivity Disorder ("ADHD"). ADHD is an impairment within the meaning of the ADA.

    G.    Urgent care placed Mr. Lajaunie's "medical clearance" for the Marine Electrician position "on hold" until it received, among other things, clearance from Mr. Lajaunie's primary care physician regarding the "safety-sensitive medication."

    H.    Mr. Lajaunie provided the requested information to Urgent Care the following day. In an examination form titled, "Followup – Pre-employment Medical Clearance," Urgent Care indicated that Mr. Lajuana was "Fit for Duty" with the restriction that he could not take the "safety sensitive" Adderall medication before work shifts.

I. After the examination, Eagle Marine called Mr. Lajaunie on March 26 and directed him to report to work the following morning, March 27.

J. Mr. Lajaunie reported for work at the specified time.

K. At about 10:30 a.m. on the morning that Lajaunie reported for work, Jason Morales, a manager for Eagle Marine, text-messaged James Warden that "[Lajaunie] has been cleared by Urgent Care. I have the clearance papers. How do you want to proceed."

L. Neither Eagle Marine nor Urgent Care took further steps to determine the effect, if any, of the medication on Mr. Lajaunie.

M. At about noon, Morales informed Mr. Lajaunie that he would not be allowed to work for Eagle Marine because of the Adderall prescription identified by Urgent Care.

N. Eagle Marine rescinded Mr. Lajaunie's job offer.

O. Eagle Marine professed that its decision not to employ Mr. Lajaunie was based on its belief that the medication prescribed for his impairment would affect his ability to safely perform the essential job functions.

P. Mr. Lajaunie is a qualified individual with a disability under 42 U.S.C. §§ 12102(1)(A), (B) and § 12111(8). Mr. Lajaunie has an impairment, ADHD, that substantially impairs one or more major life activities. Mr.

Lajaunie also has a record of ADHD. Defendant also regarded Mr. Lajaunie as disabled by refusing to hire him because of his impairment.

Q. Mr. Lajaunie's use of prescribed Adderall did not affect his ability to safely perform the essential functions of marine electrician.

R. Eagle Marine did not make an individualized assessment of whether Mr. Lajaunie would, in fact, be able to safely perform the essential job functions of the position while using the medication prescribed to treat his disability.

S. Mr. Lajaunie was able to perform the essential functions of the job, with or without accommodation.

T. Eagle Marine rescinded Mr. Lajaunie's offer of employment because of disability and in violation of the ADA. Eagle Marine did so without evidence that he was unable to safely perform the job functions and without engaging in an interactive process with Lajaunie about whether there were reasonable accommodations available to allow him to perform the job functions.

12. The effect of Eagle Marine's unlawful employment practices complained of herein has been to deprive Mr. Lajaunie of equal employment opportunities and otherwise adversely affect his status as an employee based on disability in violation of the ADA.

13. As a result of Eagle Marine's unlawful actions, Mr. Lajaunie suffered pecuniary, non-pecuniary, and other losses and damages.

14. The unlawful employment practices complained of above were intentional.

15. Eagle Marine acted with malice and/or reckless indifference to the federally protected rights of Mr. Lajaunie when it engaged in the unlawful employment practices complained of above.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Eagle Marine and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against applicants and employees on the basis of disability.

B. Order Eagle Marine to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

C. Order Eagle Marine to make Mr. Lajaunie whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its

unlawful employment practices, including but not limited to reinstatement and/or front pay.

  D. Order Eagle Marine to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, incorporating 42 U.S.C. § 2000e-10(a).

  E. Order Eagle Marine to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with ADA, 42 U.S.C. § 12117(a), which incorporates Title VII, 42 U.S.C. § 2000e-8(c).

  F. Order Eagle Marine to make Mr. Lajaunie whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

  G. Order Eagle Marine to make Mr. Lajaunie whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

  H. Order Eagle Marine to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

 Respectfully submitted,

 U.S. Equal Employment Opportunity Commission

 **Gwendolyn Young Reams**
 Acting General Counsel


 **Christopher Lage**
 Deputy General Counsel

 **Rudy L. Sustaita**
 Regional Attorney


 **Gregory T. Juge**
 Assistant Regional Attorney


 <u>/s/ Peter Theis</u>
 **Peter Theis**
 Trial Attorney
 U.S. Equal Employment Opportunity Commission
 New Orleans Field Office
 500 Poydras Street, Suite 809
 New Orleans, LA 70130
 Phone: (504) 635-2548
 Louisiana Bar No. 34786

**Andrew B. Kingsley**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office Hale Boggs Federal Building 500 Poydras Street, Suite 809 New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

**Elizabeth J. Owen**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Louisiana Bar No. 33620

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


**REGISTERED AGENT FOR SERVICE OF PROCESS:**

JONATHAN D. RUSSELL
300 PACIFIC STREET
BERWICK, LA  70342