## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION NO. 22-3443 |
| v. | SENIOR DISTRICT JUDGE<br>Ivan L. R. Lemelle |
| EAGLE MARINE SERVICES ELECTRICAL AND REFRIGERATION, LLC | MAGISTRATE JUDGE<br>KAREN WELLS ROBY |

### CONSENT DECREE

#### INTRODUCTION

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the defendant Eagle Marine Services Electrical and Refrigeration ("Eagle Marine") under the Americans with Disabilities Act ("ADA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Scott Lajaunie. The EEOC's complaint arose from Mr. Lajaunie's charge of discrimination and alleges that Eagle Marine did not hire Mr. Lajaunie because of disability in violation of the ADA. Prior to filing its complaint, the EEOC issued a letter of determination, stating that there was reasonable cause to believe that Defendant had violated the ADA. The EEOC issued a notice of conciliation failure.

#### JURISDICTION & VENUE

In the interest of avoiding the costs and burdens of further litigation, and having engaged in extensive negotiations, the parties have agreed that this action should be resolved through the entry of this Consent Decree.

1

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action was authorized and instituted pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices were committed in Louisiana.

The parties acknowledge that this Court has personal jurisdiction over them and that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

GENERAL

1.     This Decree resolves all claims and issues raised in Mr. Lajaunie's charge of discrimination, the EEOC's determination on that charge, and the EEOC's complaint in this action.

2.     The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim or issue arising from any other investigation or charge of discrimination against Defendant.

3.     The parties must each bear any costs and attorneys' fees they incurred in connection with this action, except that Defendant may be required to bear any costs and attorneys' fees the EEOC incurs in enforcing this Decree. Defendant must bear all costs and attorneys' fees necessary for them to comply with this Decree.

4.     This Decree constitutes a judgment against Eagle Marine; however, Eagle Marine has not admitted any of the allegations of wrongdoing set forth by the EEOC in this action, and entry of this Decree is not an admission of any such allegations or wrongdoing or violation of law.  Nonetheless, Eagle Marine stipulates and agrees to entry of this Decree in order to settle and resolve these disputes.

5.     This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree during its currently set duration, or court-ordered extension, if any.

6.     This action is administratively closed (not dismissed) during the duration of this Decree.

7.     This Consent Decree represents the complete understanding among the parties regarding the matters discussed herein.

8.     If one or more provisions of this Consent Decree are deemed or rendered unlawful or unenforceable, the parties must attempt to meet and confer in good faith to decide whether and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

9.     The parties must take all steps necessary to effectuate the terms and conditions of this Consent Decree. A party seeking to amend the Decree must attempt

to meet and confer with the others in good faith before filing a motion to amend or extend the Decree, in accordance with this District's local rules.

DEFINITIONS

10.    These definitions apply herein:

A.  "Defendant" means and refers to the named Defendant in this action, Eagle Marine and its parents, subsidiaries, predecessors, successors, assigns, and agents, except as otherwise stated herein.

B.   "EEOC" means the Plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

C.  "Parties" mean the EEOC and Defendant.

D.  "Charge" or "charge of discrimination" means Mr. Lajaunie's charge of discrimination, No. 461-2019-01472.

E.  "Mr. Lajaunie" means Mr. Scott Lajaunie.

F.  "Employee" means any individual directly employed by Defendant or any individual assigned or paid by a staffing company or other contractor, working under the direction of Defendant's agents or employees.

G.  "Applicant" means any individual who seeks employment with Defendant or any individual proposed to be assigned by a staffing company or contractor to work under the direction of Defendant's employees or agents.

H.  "Days" means calendar—not business—days.

I.  "Effective date" or "date of entry" means the date the Court enters this Decree.

J.   "Court" refers to the United States District Court for the Eastern District of Louisiana.

K.   "Consent Decree" and "Decree" mean this Consent Decree, as entered by the Court.

L.    "Liaison" means a representative appointed by Defendant to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

DURATION

**11.    This Consent Decree will remain in effect for three (3) years from the date of its entry, subject to extension by the court for good cause.**

PAYMENTS

12.    Defendant, on its own or through its designee, must pay the full, final, and total amount of $45,000.00 ("settlement amount") to Mr. Lajaunie.

13.    Defendant acknowledges that this total amount is a debt owed to and collectible by the United States.

14.    The EEOC has unilateral discretion to decide the allocation and/or reallocation of the total amount. In particular, the EEOC has sole discretion to determine the individual backpay and damages amounts Eagle Marine must pay to Mr. Lajaunie.

15.    Within ten (10) days of entry of the Decree, the EEOC will provide Eagle Marine's attorney of record with (a) the individual backpay amount Eagle Marine must pay Mr. Lajaunie, (b) the individual damages amount (pursuant to 42 U.S.C.

§ 1981a) Eagle Marine must pay Mr. Lajaunie, and (c) a Release (attached hereto as Exhibit A) executed by Mr. Lajaunie.

16.     Within thirty (30) days of entry of the Decree, Defendant must pay Mr. Lajaunie $15,000.00 of the funds due under this Decree.

17.     Within sixty (60) days of entry of the Decree, Defendant must pay Mr. Lajaunie a further $10,000.00 of the funds due under this Decree.

18.     Within ninety (90) days o of entry of the Decree, Defendant must pay Mr. Lajaunie a further $10,000.00 of the funds due under this Decree.

19.     Within one hundred and twenty (120) days of entry of the Decree, Defendant must pay Mr. Lajaunie a further $10,000.00 of the funds due under this Decree.

20.     For each installment, Defendant must make tax-related withholdings from the backpay amount, but Defendant must not make withholdings from the Sec. 1981a damages. Any withholdings must be itemized in a statement accompanying the payment from which it made such withholdings.

21.     Defendant must pay Mr. Lajaunie the amount due by direct electronic funds transfer or certified check to the address provided on Mr. Lajaunie's executed Release.  If electronic funds transfer is the means of payment, the EEOC shall furnish the financial institution account number belonging to Mr. Lajaunie to which the funds will be transferred.

22.     Within twenty-four hours of an electronic funds transfer or mailing of a check to Mr. Lajaunie, Defendant must electronically send a copy of the transfer transaction or check and withholdings statement to the EEOC in the manner specified for notice

under this Decree.  Within 14 days of the funds transfer or check, Defendant must send via regular U.S. mail a withholdings statement to Mr. Lajaunie at the address provided in the Release.  Defendant must also timely send any and all appropriate U.S. Internal Revenue Service ("IRS") forms (including W-2 and 1099) to Mr. Lajaunie via regular U.S. mail at the address provided in the release.

SECURITY PROVISIONS

23.    In consideration for granting the installment payment schedule, Defendant agrees, in the event it fails to make a scheduled payment and cure such failure within five (5) business days of the Commission's written notice of non-payment, the total amount of Settlement Funds remaining due shall become immediately due and payable, subject to the provision in the next paragraph.

24.    If the Defendant defaults on any of the above payments, the parties agree that Mr. Lajaunie will be entitled to additional damages in the amount of $18,000.00.  In that event, the remaining balance will be immediately reduced to a judgment on the balance owed, including the additional $18,000.00 mentioned above in this paragraph.

25.    Defendant acknowledges that the total amount of monetary relief is a debt owed to and collectible by the United States.

26.    The Commission reserves the right to file suit in Federal District Court seeking contempt sanctions for the non-payment and any other relief authorized under law to enforce Defendant's obligation to fully compensate Scott Lajaunie pursuant to the terms of this Decree.

27.     The President of Eagle Marine, Jonathan Russell, expressly agrees to be personally bound by this Decree and expressly agrees to fully execute the Surety Agreement, attached hereto as Exhibit C, and send the EEOC the fully executed Surety Agreement via certified U.S. mail in the manner specified for notice under the Decree and within three days of entry of this Decree.

28.     Defendant represents and warrants that it has no intention of filing for bankruptcy within the next 150 days and that it has no knowledge, information or belief that any other entity intends to file an involuntary petition for bankruptcy of Eagle Marine. Should Eagle Marine file for bankruptcy during the duration of the Consent Decree and before the settlement funds have been fully paid, all outstanding Settlement Funds shall become immediately due and payable and shall be listed as a priority debt in all of the bankruptcy proceedings.

EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

29.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

30.     Within seven (7) days of the entry of this Decree, Defendant agrees to provide, both in the manner specified for notice in this Decree and through the EEOC Respondent Portal, 1) the Defendant's EIN and 2) the individual and physical address

to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the Defendant.

31.   The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

32.   The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

33.   Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

34.   The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## PROHIBITIONS

35.   While this Consent Decree is in effect, Defendant is hereby enjoined from subjecting any applicant or employee to discrimination on the basis of disability and from retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, or (4) has engaged in protected activity under federal anti-discrimination statutes, including the ADA.

## LIAISON

36.   Within 15 days of the entry of this Decree, Defendant must designate a primary liaison, and within 15 days of the removal, resignation, or incapacitation of

that or a subsequent liaison, Defendant must designate another (replacement) liaison. The liaison will, by the terms of this Decree, be responsible for ensuring that Defendant complies with the terms and conditions of the Consent Decree. Defendant must empower the liaison accordingly.  The primary liaison must be either (1) an owner, member-manager, or managerial employee that directly reports to and is supervised by Defendant's chief executive officer(s) or (2) counsel of record to this Action.

37.    Within 15 days of the entry of this Decree, if the primary liaison is not Defendant's owner, member-manager, or employee, then Defendant must designate a secondary liaison who is a managerial employee that directly reports to and is supervised by Defendant's chief executive officer(s) and/or president(s), or who is an owner or member-manager. The secondary liaison will have full, equal, and independent responsibility for ensuring that Defendant complies with the terms and conditions of the Consent Decree.

38.    Within thirty (30) days of designating a liaison, Defendant will provide the liaison with a training session of at least one hour on the terms and conditions of the Decree. The trainer of the liaison must be an attorney with at least five years of experience practicing in the area of employment discrimination law.

39.    Defendant must designate the primary (and secondary, if any) liaison by providing the EEOC with a declaration from Defendant' chief executive officer(s) and/or president(s) that states the liaison's name, job title, mailing address, email address, and telephone number and which states that (a) Defendant has assigned the

liaison responsibility for ensuring that it complies with the Decree, (b) that the liaison has authority to act on Defendant's behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be attributable to Defendant, and (d) that the liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

REPORTS

40.   At least 30 days before each anniversary of the entry of the Decree, Defendant must, through the liaison, provide the EEOC with a report containing the following:

A.   A declaration by the liaison affirming that Defendant has complied with all terms and conditions of the Decree or, if it has not, explaining why it has not and how it will remedy their failure to comply. The declaration must itemize all steps taken under this Consent Decree since the entry of the Decree or the submission of the prior report, whichever is later.

B.   All anti-discrimination policies enacted, modified, or revoked since the last report.

C.   A list of all employees (employed at the time of the report is made) and a statement as to whether each received training required under this Decree.

D.   Starting from the entry of the decree or since the submission of the last report (whichever is later), a list with contact information of all applicants or employees (employed at the time of the report is made) for whom Defendant was or is aware that the individual has an impairment or medical restriction of any kind.  Defendant shall describe the employment status of

each applicant or employee on the list and, where applicable, describe whether a reasonable accommodation was made or considered.  If the applicant or employee is not employed at the time of the report, Defendant shall provide a brief explanation as to why the applicant was not hired or the employee is no longer employed.

E.   Upon the EEOC's request and within 10 days of the request, Defendant shall provide all requested materials, including but not limited to the personnel file, application, medical records in possession of Defendant, and Defendant's internal communications, related to any applicant or employee identified in the foregoing list and who is not employed with Defendant.

F.   All materials related to any report or complaint by any employee—whether formal or informal, written or oral—of discrimination based on disability.  Such materials must include, but are not limited to, all actions taken by Defendant in response to the complaint.

G.   All materials related to any investigation or resolution of any report or complaint by any employee—whether formal or informal, written or oral—of discrimination based on disability.  Such materials must include, but are not limited to, the outcome of the investigation and all actions taken by Defendant as a result of the investigation.

H.   Any additional information or materials relevant to matters in this Decree requested by the EEOC to be part of a forthcoming annual report.

TRAINING

41.     Within 120 days of the entry of the Decree, Defendant must provide each of its managerial employees and other employees involved in the hiring process with a training of at least one hour, advising them of the requirements and prohibitions of the anti-discrimination, anti-harassment, and anti-retaliation laws and regulations enforced by the EEOC, with emphasis on the ADA.  The training must include the following:

      A.   The purpose and fundamentals of the ADA.

      B.   Summary of the EEOC's complaint and this Consent Decree.

      C.   Examples of disability discrimination and

      D.   Examples of when a reasonable accommodation is appropriate.

      E.   Employees' and applicants' rights under the ADA.

      F.   Employer responsibilities under the ADA.

      G.   Defendant's policies and procedures involving the ADA, including policies regarding reasonable accommodation and company-mandated medical examinations.

      H.   Procedure for reporting and investigating discrimination, harassment, and retaliation to Defendant.

      I.   The consequences Defendant will impose for employees who engage in discrimination, harassment, or retaliation.

42.     The training sessions must be in person during which all participants are able to simultaneously hear and see the presenter (and any slides) and the presenter is able to simultaneously hear and see all participants and in which participants are

able to ask questions and the trainer is able to provide contemporaneous answers.  If any employee is unable to attend the first live training, then a make-up live session must be scheduled to occur within 14 days for the benefit of the employees unable to attend the first-scheduled live session.  For all employees who do not attend the first or makeup session, the liaison must coordinate a final training session for those employees to occur within 30 days of the makeup session.  If an employee is unable to attend one of these sessions, Defendant's representative or liaison must confer with the EEOC to discuss why the employee was unable to attend and propose how to effectuate training.

43.    For all non-management employees, all training specified in this Decree must occur on the clock (i.e., during official duty time), such that the employees are paid their ordinary wage, and not charged leave or required to use personal time, for attending the training.

44.    While the Decree remains in effect, any employee who assumes a management-level position or position involved in hiring during the duration of the Decree and has not previously taken the training described in this decree must do so within 60 days of assuming management-level or hiring duties.

45.    At least 30 days before each training session (but not including makeup sessions if the trainer and materials are the same), Defendant must provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The trainer must be Eagle Marine's counsel of record to this Action or an individual or team with at least five years of experience of either

training employers on anti-discrimination law or handling employment discrimination legal matters. Unless the trainer is Eagle Marine's counsel of record to this Action, the EEOC may reject the proposed trainer within 15 days. The EEOC may also reject the proposed outline or the proposed materials within 15 days. If the EEOC does so object, Defendant must provide the EEOC with the name and resume of a new proposed trainer, a new proposed outline, and/or new proposed materials, as necessary, within seven days.

POLICIES

46.   Beginning within 30 days from the entry of this Decree, Defendant must have issued and must maintain policies that, at a minimum, meet the following criteria:

A.   Must prohibit discrimination, harassment, and retaliation against any employee or applicant in violation of the ADA.

B.   Must prohibit any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee or applicant in violation of the ADA.

C.   Must set forth the manner and criteria by which Defendant will evaluate whether an applicant or employee for whom Defendant becomes aware has a restriction or limitation based on an impairment will be reasonably accommodated as required by the ADA.

D.   Must state that an applicant is not to be rejected simply by virtue of being classified as having restrictions by Urgent Care or any similar third party.

E.   Must state that employees and applicants need not be able to work "full duty",and need not be 100% free of restrictions to be eligible for employment.

F.   Must state that Defendant will provide Urgent Care, and any similar third party, with all information necessary to determine the essential functions of the position in question, before the third party classifies the person as fit for duty, with or without restrictions.

G.   Must provide a process for employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by the ADA and provide a process by which Defendant will investigate and resolve all such reports and complaints.

H.   Must provide that anyone who engages in discrimination or retaliation prohibited by the ADA will be appropriately disciplined, up to and including discharge.

47.   Defendant shall distribute copies of the policy or policies to all employees. A copy of the policy or policies shall be included in any relevant company or employee manual or handbook.

48.   The policy or policies will be provided to, and discussed with, any new employee hired during the duration of the Decree as part of the employee onboarding process.

49.   The policy or policies shall be posted or kept and maintained in a conspicuous and accessible place for all employees.

RECORDS

50.     Defendant must preserve and maintain all materials, electronic or otherwise, that might be relevant to this Action.

51.     Defendant must preserve and maintain all materials, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree and underlying documents, such as materials and communications related to applicants or employees with known impairments or medical restrictions.

52.     Defendant must comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC. The express recordkeeping and reporting obligations imposed by this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by law.

MONITORING

53.     EEOC may review compliance with this Decree.  For the duration of this Consent Decree, Defendant shall require employees, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. EEOC requests for employee interviews will be made to the liaison.

54.     Defendant shall timely comply with all reasonable requests by the EEOC for materials which are related to its monitoring of compliance with this Decree.  Within 10 days of a request, Defendant will transmit or make available for inspection and copying any records related to the Decree upon request by EEOC.

55.     No action or inaction by the EEOC with respect to the Defendant's obligations under this Decree shall constitute a waiver of such obligations or the EEOC's right to receive, review, or reject materials specified in this Decree or require performance of Defendant's obligations under this Decree.

COMMUNICATION

56.     Defendant must send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the liaison or Defendant's attorneys of record via email to all of the following addresses:

> peter.theis@eeoc.gov
> elizabeth.owen@eeoc.gov
> scott.wilson@eeoc.gov
> jacqueline.barber@eeoc.gov
> gregory.juge@eeoc.gov
> johnny.lundie@eeoc.gov
> alberto.carrion@eeoc.gov

POSTINGS

57.     Within 10 days of the entry of this Decree, Defendant must post a Notice to Employees, attached hereto as Exhibit B, at least 11 by 17 inches, in at least 14 point font, in all facilities operated by Defendant in the place where other notices to employees or applicants are customarily posted. It must remain there for the duration of this Decree.

SUCCESSORS

58.     Defendant must provide notice to the EEOC and must provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an

owner or member of Defendant at least 90 days prior to the effectiveness of such acquisition, merger, ownership, or membership.

ENFORCEMENT

59.    Upon notice from the EEOC that Defendant has failed to comply with any term or condition of the Decree, the Defendant may seek to arrange to meet and confer with the EEOC within 14 days of notice of the failure to comply.  The purpose of the conference shall be an informal attempt to resolve the failure.

60.    If Defendant does not arrange to meet and confer with the EEOC within the 14-day period, or if the failure to comply is not informally resolved, the EEOC may seek relief from the Court regarding the failure to comply.  If the EEOC requests such relief and the Court determines that Defendant failed to comply with any such a term or condition, the Court may, pursuant to its inherent powers to enforce its orders, (1) fine Defendant, (2) hold Defendant, as well as its owners, managers, and agents, in contempt, (3) if consented to by the EEOC, set aside this Decree, reinstate this action, and set this action for trial, (4) provide any other relief available under the Decree or the law; and (5) take any other action the Court deems necessary and appropriate. However, in no event will the setting aside of this Decree, because of Defendant's failure to comply with it, relieve Defendant of any obligation under this Decree.

61.    The parties and the Court agree that if the Court finds Defendant to have willfully violated the Decree, the Court is empowered to impose sanctions and/or damages, consistent with Title VII and in accordance with the Court's inherent powers to enforce its orders and judgments.

In New Orleans, Louisiana, this 9th day of April, 2024

_____

Senior United States District Judge

**EXHIBIT A**

RELEASE

In consideration for $_____ paid to me by Eagle Marine Services

Electrical and Refrigeration, LLC in connection with the resolution of *U.S. Equal*

*Employment Opportunity Commission v. Eagle Marine Services Electrical and*

*Refrigeration, LLC*, No. 22-CV-3443 (E.D. La.), I, **Scott Lajaunie**, waive my right to

recover for any claims arising under the Americans with Disabilities Act that I had

against Eagle Marine prior to the date of this release that were included in the

claims alleged in U.S. Equal Employment Opportunity Commission's ("EEOC's)

complaint in the above-referenced action.

This _____ day of _____ , _____ .
        DAY             MONTH          YEAR

_____
SIGNATURE

**ADDRESS:**

_____
ADDRESS

_____

_____
CITY              STATE      ZIP CODE

**EXHIBIT B**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New Orleans Field Office**

500 Poydras St., Room 809
New Orleans, LA  70130
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
New Orleans Direct Dial: (504) 635-2531
FAX (504) 595-2884
Website:  www.eeoc.gov

### <u>NOTICE TO EMPLOYEES</u>

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *U.S. Equal Employment Opportunity Commission v. Eagle Marine Services Electrical and Refrigeration, LLC*, No. 22-CV-3443 (E.D. La.).

The Americans with Disabilities Act ("ADA") is the federal law that prohibits an employer from discriminating against an applicant or employee on the basis of disability.  In order to allow individuals with disabilities to work and participate in the American economy, the law also requires than an employer make reasonable accommodations for any known mental or physical impairment that substantially limits any major life activity.

**This law prohibits an employer from discriminating against an employee or applicant because of disability in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment.  The law requires that the employer make a reasonable accommodation to individuals with a disability such that they may be or remain employed.  The law also prohibits retaliation against an applicant or employee for engaging in activity protected by law, such as reporting discrimination.**

Eagle Marine will not tolerate discrimination on the basis of disability and will make reasonable accommodations for any known physical or mental impairment consistent with its obligations under the ADA.  Eagle Marine will not tolerate discrimination or retaliation against any applicant or employee for reporting such discrimination. Such discrimination and retaliation violate federal law. Any employee who violates the law will be subject to substantial discipline, including termination.

If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

> *Address*:     Attn: Legal Unit
> U.S. Equal Employment Opportunity Commission
> 500 Poydras Street, Suite 809

|            |                                                          |
|------------|----------------------------------------------------------|
|            | New Orleans, LA 70130                                     |
| *Telephone*: | 504-635-2533                                           |
| *E-mail*:  | peter.theis@eeoc.gov, elizabeth.owen@eeoc.gov,           |
|            | scott.wilson@eeoc.gov, jacqueline.barber@eeoc.gov,       |
|            | or gregory.juge@eeoc.gov                                 |
| *Website*: | www.eeoc.gov                                             |

    This Notice to Employees must remain posted continuously for four years from the date stamped in the header above. This Notice to Employees must not be altered, defaced, removed, or covered.

**EXHIBIT C**


SURETY AGREEMENT

        I, _____, residing at
_____, LA, enter into this Surety
Agreement to induce the U.S. Equal Employment Opportunity
Commission ("EEOC") to enter into the Consent Decree resolving
the EEOC's claims against
_____. That
Decree, which has been entered in the record of the above-
referenced action, is incorporated by reference herein.

        I, as surety, agree to personally guarantee all sums
_____, as obligor under the Decree, owes to
_____, as an obligee under the Decree.

        I further agree not to revoke or assign this Surety
Agreement without the EEOC's express, written consent.

        I further agree that this Surety Agreement will remain in
force as long as the Decree itself remains in force, or all sums
owed pursuant to said Decree have been paid, whichever is earlier.

        I further agree that the EEOC's delay, if any, in exercising
its rights under this Surety Agreement will not operate as a waiver
of its rights. Likewise I agree that, if the EEOC grants me an
extension of any kind, its granting that extension will not prevent it
from denying such an extension in the future.

        I further agree that no change to the Decree will in any way
affect my obligations under this Surety Agreement, and I agree to
waive notice of any such change.

        I further agree that if any part of this Surety Agreement is
held to be invalid or unenforceable for any reason, the remaining
parts will continue to be valid and enforceable.

        I further agree that this Surety Agreement is governed by
and must be construed in accordance with the laws of Louisiana.

        This Surety Agreement is executed this _____
day of _____, 20_____, in
_____, Louisiana.


SURETY**:**      _____


WITNESSES:    _____


                      _____

On this _____ day of _____, 20_____, before me personally appeared _____, to me known to be the person described in and who executed the foregoing Surety Agreement and acknowledged that he executed it as his free act and deed.

NOTARY:        _____

IDENTIFICATION
NUMBER:       _____